UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

M.I. o/b/o M.I.,

            Plaintiff,

            v.

NORTH HUNTERDON-VOORHEES
REGIONAL HIGH SCHOOL DISTRICT
BOARD OF EDUCATION,

            Defendant.

Civil Action No. 20-870 (MAS) (LHG)

**MEMORANDUM ORDER**

    This matter comes before the Court on Plaintiff M.I.'s ("Plaintiff") request for attorney's fees. (ECF No. 19.) Defendant North Hunterdon-Voorhees Regional High School Board of Education ("North Hunterdon") opposed (ECF Nos. 21, 22), and M.I. replied (ECF No. 23). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

    The parties are familiar with the factual and procedural history of this matter and therefore the Court recites only those facts necessary to resolve the instant Motion. *See M.C.I. ex rel. M.I. v. N. Hunterdon-Voorhees Reg'l High Sch. Bd. of Educ.*, No. 17-1887, 2018 WL 902265 (D.N.J. Feb. 15, 2018). On April 30, 2021, the Court granted-in-part and denied-in-part M.I.'s Motion for Summary Judgment concerning Plaintiff's claims under the Individuals with Disabilities Education Act ("IDEA"). (ECF No. 17; *M.I. o/b/o M.I. v. N. Hunterdon-Voorhees Reg'l High Sch. Dist. Bd. of Educ.*, No. 20-870, 2021 WL 1720853, at *7 (D.N.J. Apr. 30, 2021).) The Court determined that since Plaintiff was the prevailing party under the IDEA, Plaintiff is entitled to partial tuition reimbursement and attorney's fees. (ECF No. 17.) The Court now addresses Plaintiff's request.

**I.      TUITION REIMBURSEMENT**

The Court begins by addressing the issue of tuition reimbursement. Under 20 U.S.C. § 1412(a)(10)(C), parents are entitled to reimbursement if (1) the school district violated the IDEA by, for example, failing to provide a Free Appropriate Public Education ("FAPE") to the child, and (2) the education provided by the private school is reasonably calculated to enable the child to receive educational benefits. *D.S. v. Bayonne Bd. of Educ.*, 602 F.3d 553, 564 (3d Cir. 2010); *see also* 20 U.S.C. § 1412(a)(10)(C)(ii). Even if these requirements are met, however, a court may reduce or deny such reimbursement if (1) the parents failed to give 10 days advance written notice to the school district prior to removal of the child from the public school; (2) the school district informed the parents prior to the child's removal of its intent to conduct an Individualized Education Program ("IEP") evaluation of the child, but the parents did not make the child available for such evaluation; or (3) the parents acted unreasonably. 20 U.S.C. § 1412(a)(10)(C)(iii).

Plaintiff submitted the total expenses for the Pennington School for the 2016-2017 school year and renewed her request for full reimbursement of $60,441.56, despite the Court's previous ruling that she was only entitled to partial reimbursement. (Pl.'s Br. 5, ECF No. 19.) North Hunterdon argues that Plaintiff should only be awarded $21,085.46 to reflect the Court's award of partial tuition based on Plaintiff's lack of credibility, failure to give timely notice, and a deduction for room and board. (Def.'s Opp'n Br. 4, ECF No. 21.)

The Court will award Plaintiff partial tuition, as previously stated. For starters, the Court denies Plaintiff's request for fees to compensate for late-paid tuition and boarding. As North Hunterdon highlights, the record does not reflect Plaintiff's contention that room and board was required to attend the Pennington School. Nor should North Hunterdon bear responsibility for the late charge that accrued for Plaintiff's failure to timely pay tuition for the 2016-2017 school year.

2

The Court thus finds these fees inappropriate to attribute to North Hunterdon and reduces the starting point for the fees to $42,170.92.

Next, as the Court previously found, Plaintiff failed to provide timely notice to North Hunterdon. That is, Plaintiff removed M.I. from school in May 2016 but did not provide notice until July 2016. *See M.C.I. ex rel. M.I. v. N. Hunterdon-Voorhees Reg'l High Sch. Bd. of Educ.*, No. 17-1887, 2018 WL 902265, at *5 (D.N.J. Feb. 15, 2018). The Court also credited the ALJ's assessment that Plaintiff presented as a less-than-credible witness. *M.I.*, 2021 WL 1720853, at *6. North Hunterdon requests that this Court reduce the tuition award by half. (Def.'s Opp'n Br. 4.) Although the Court believes an award of partial tuition is appropriate, an award of 50% is too punitive considering Plaintiff's overall success in the litigation and the Court's finding that Plaintiff's shortcomings did not evidence bad faith. *M.I.*, 2021 WL 1720853, at *6. The Court will reduce Plaintiff's award by 25%, to a total of $31,628.19.

## II. ATTORNEY'S FEES

Moving next to the issue of attorney's fees, Plaintiff requests $218,826.06 in attorney's fees. (Pl.'s Reply Br. 5, ECF No. 23.) North Hunterdon requests that the Court reduce the fees for several reasons. (Defs.' Opp'n Br. 5, ECF No. 21.) First, North Hunterdon contends that the Court should discount other fees including entries for non-litigation tasks and double entries. Second, North Hunterdon requests that the Court reduce Plaintiff's attorney's fees by $15,476.48 for the current motion because it would constitute double billing. Third, North Hunterdon argues that the Court should subtract the expert fees in the amount of $10,883.[1]

---

[1] Plaintiff concedes that the Court should also reduce the attorney's fees by $24,969.73 for the interest charged. (Pl.'s Reply Br. 5 ("Plaintiff hereby amends its initial request for $243,795.79 in attorneys' fees and costs to exclude the $24,969.73 in interest").)

3

"The IDEA attorneys' fees provision, like various other statutory fee-shifting provisions, allows courts to award attorneys' fees to a 'prevailing party.'" *M.R. v. Ridley Sch. Dist.*, 868 F.3d 218, 224 (3d Cir. 2017). The party seeking attorney's fees must "receive at least some relief on the merits of [their] claim before [they] can be said to prevail." *Tex. State Tchrs.' Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989). In the Third Circuit, a court must determine whether: (1) the plaintiff obtained relief on a significant claim in the litigation; and (2) there is a causal connection between the litigation and the relief obtained from the defendant. *See Metro. Pittsburgh Crusade for Voters v. City of Pittsburgh*, 964 F.2d 244, 250 (3d Cir. 1992).

The starting point for this Court's determination of reasonable attorney's fees is calculation of the lodestar amount, which is "the number of hours reasonably expended multiplied by the reasonable hourly rate." *Penn. Env't Def. Found. v. Canon-McMillan Sch. Dist.*, 152 F.3d 228, 231 (3d Cir. 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see also Blakey v. Continental Airlines, Inc.*, 2 F. Supp. 2d 598 (D.N.J. 1998). In applying the lodestar formula, it is imperative for a district court to "carefully and critically evaluate the hours and the hourly rate put forth by counsel." *Blakey*, 2 F. Supp. 2d at 602. Once the lodestar is calculated, the district court is permitted to adjust fees depending on the success of the party seeking fees. *Penn. Env't Def. Found.*, 152 F.3d at 232 (citing *Hensley*, 461 U.S. at 435).

### A. Hourly Rate

To start, the reasonable hourly rate is determined by reference to the marketplace. *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). North Hunterdon does not dispute Plaintiff's attorney's hourly rate. (Def.'s Opp'n Br. 5.) On the Court's own review of the bills submitted, it also finds that the rate is reasonable. Plaintiff's attorneys billed $375 an hour for a principal attorney, $325 for counsel, between $325 and $335 an hour for associates, and $130 an hour for law clerks. The Court finds that Plaintiff has satisfied her burden of showing that the hourly rates

4

were reasonable. *See, e.g., D.E.R. v. Board of Educ. of the Borough of Ramsey*, No. 04-2274, 2005 WL 1177944, at *18 (D.N.J. May 18, 2005) (finding, more than seventeen years ago, that $300.00 hourly rate charged by plaintiffs' counsel in IDEA action was reasonable).

### B. Hours Expended

Moving to the hours billed, "[h]ours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing *Hensley*, 461 U.S. at 433). For starters, North Hunterdon requests that the Court reduce the award of attorney's fees by $5,000 due to the inclusion of duplicative entries, and clerical or administrative tasks as part of Plaintiff's request. (Def.'s Opp'n Br. 5.) Plaintiff did not respond to this argument by North Hunterdon (nor any of North Hunterdon's other specific reasons for reductions).

The Court finds it appropriate to reduce Plaintiff's award by $5,000 for duplicative entries and administrative tasks. Upon the Court's review of the records submitted by Plaintiff, the Court found numerous double entries without explanation. For example, for the billing period through July 31, 2015, "review and respond to multiple client emails regarding due process" was included twice. (Pl.'s Br. Ex. A.) The same duplicity problem occurred in the billing period through February 28, 2018, when Plaintiff submitted bills for "Review and analyze defendants opposition to motion for summary judgment" twice. (*Id.*) Moreover, regarding administrative tasks, time that would not be billed to a client cannot be imposed on an adversary. *Alexander v. NCO Fin. Sys.*, No. 11-401, 2011 WL 2415156, at *6 (E.D. Pa. June 16, 2011). Thus, courts will not typically sanction fee awards for administrative tasks, which are not the type normally billed to a paying client, and may not be recovered by a party through a fee petition. *See Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 552 (7th Cir. 1999). To give just one example, Plaintiff requested fees for tasks such as "[b]egan transcribing Day 4 hearing transcript." (Pl.'s Br. Ex. A.) The Court finds it

inappropriate to award attorney's fees based on these types of tasks. North Hunterdon caps its request at a reduction of $5,000. Given the numerous duplicative entries and entries for administrative tasks, the Court finds this request more than reasonable.

Next, North Hunterdon requests that this Court reduce the award by $15,476.48 because of duplicative miscellaneous fees. Plaintiff requested that amount for what she describes as "expenses related to filing fees, printing, mailing, transcript orders, courier service, etc." (Flaum Cert., ECF No. 19-2.) The Court may award fees for expenditures such as photocopying, travel, long distance telephone and postage. *B.K. v. Toms River Bd. of Educ.,* 998 F. Supp. 462, 476 (D.N.J. 1998) (citations omitted). However, a review of the bill provides the Court with no information about the exact nature of these fees. (Pl.'s Br. Ex. B.) For example, there are no entries delineating whether the fees were for a filing or if the fees were incurred for a transcript. (*Id.*) Because the Court cannot judge the appropriateness of these fees, it will also reduce the award by this amount.

Moving to the next item, North Hunterdon also requests the Court to subtract fees for experts and IEP meetings. (Def.'s Supp. Br. 2, ECF No. 22.) The Supreme Court reiterated in *Forest Grove Sch. Dist. v. T.A.,* that the IDEA's fee-shifting provision "does not authorize courts to award expert-services fees to prevailing parents in IDEA actions because the Act does not put States on notice of the possibility of such awards." 557 U.S. 230, 246 (2009). Furthermore, 20 U.S.C. § 1415(i)(3)(D)(ii) states "[a]ttorney['s] fees may not be awarded relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action[.]" The Court, accordingly, will reduce the award by $22,363.

Finally, North Hunterdon argues this Court should reduce the remaining fee award by 50% to reflect that the Court only awarded Plaintiff partial tuition. To arrive at a reasonable fee award, a district court should exercise its equitable discretion "either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success

of the plaintiff." *Tex. State Tchr.'s Ass'n*, 489 U.S. at 789-90 (citing *Hensley*, 461 U.S. at 437; *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989)). "Accordingly, a court must reduce the fee award if 'it concludes the benefits of the litigation were not substantial enough to merit the full amount of the lodestar.'" *McDonnell v. United States*, 870 F. Supp. 576, 587 (D.N.J. 1994) (citation omitted). Because the Court finds that Plaintiff was only entitled to partial tuition on the IDEA claim, it likewise reduces the fees award. Here, the Court finds a reduction of 25% warranted to mirror the corresponding reduction in tuition.

**III.   ORDER**

IT IS on this 8th day of November 2022, **ORDERED** that:

1. Plaintiff is awarded partial tuition in the amount of $31,628.19.

2. Plaintiff is awarded attorney's fees in the amount of $148,762.19.

3. North Hunterdon must remit the above award to Plaintiff within 60 days.

                                                                                    MICHAEL A. SHIPP
                                                                                    UNITED STATES DISTRICT JUDGE